## SHELDON *vs.* STRYKER, late Sheriff &c.

An assignment of property in trust for the benefit of creditors, a bill of sale, and an agreement, may be admitted in evidence, on the acknowledgment and proof thereof before a commissioner of deeds, accompanied by the certificate of the county clerk of the commissioner's appointment and authority to act as such.

If a certificate of the acknowledgment of an instrument by a subscribing witness states that the witness is known to the officer, that is a substantial compliance with the requirement of the law. It is not necessary that the precise language of the statute should be used.

To render an instrument properly acknowledged admissible in evidence, it is not necessary that the acknowledgment or proof should be taken before the commencement of the action. It is sufficient if the certificate of the officer be indorsed on the instrument when it is offered in evidence.

Though an assignment for the benefit of creditors be fraudulent as against the creditors of an assignor, that will not affect the title of a purchaser from the assignees, if he is not connected with the fraud, and is in fact a purchaser in good faith, and for a valuable consideration, and without notice of the fraud. *Per* LOTT, J.

Nor will the fact that the assignees immediately after the acceptance of the assignment, refused to take possession of the entire property, deprive them of their rights under it. *Per* LOTT, J.

A new trial will not be granted on the ground of newly discovered evidence, where the evidence would be cumulative in its nature; or where a party has been guilty of laches in making his motion; or after judgment has been entered.

THIS was an action against the late sheriff of Kings county, to recover the value of a stock of goods in the store No. 166 Grand street, Brooklyn, E. D., which was levied upon and sold by the defendant, under and by virtue of an execution against the property of William S. Irvine & Co., in favor of Ide, Felt & Hall.

A general assignment, with preferences, was made and executed by Wm. S. Irvine & Co., on the 3d day of July, 1857, and on the 27th of that month, the assignees sold the goods in question to the plaintiff. On the 9th day of the same month and year "Ide, Felt & Hall" entered up judgment, by confession, upon a statement for judgment made nearly six months previously, and issued the said execution

Sheldon *v.* Stryker.

thereon. The cause was tried twice, and the plaintiff had judgment perfected in his favor for $2205.33.

The defendant appealed to the general term from this judgment, and also from an order made at special term denying a motion for a new trial, based upon newly discovered evidence. The motion for a new trial was made subsequent to the entry of judgment.

*Jas. L. Campbell* and *F. C. Bliss,* for the plaintiff.

*Chesters & Kenneday* and *John Dikeman,* for the defendants.

*By the Court,* LOTT, J. The assignment, bill of sale and agreement, were properly admitted in evidence, on the acknowledgment and proof thereof before a commissioner of deeds, accompanied by the certificate of the county clerk of his appointment and authority to act as such commissioner. Every written instrument, except promissory notes and bills of exchange, and except the wills of deceased persons, so acknowledged or proved, with the proper certificate of the fact indorsed thereon, may be received in evidence on the trial of any action, with the same effect and in the same manner, as if such instrument were a conveyance of real estate. *(Laws of* 1863, *ch.* 271, § 9.) The certificates were all sufficient, and in proper form. That indorsed on the bill of sale and agreement contained a sufficient statement that the commissioner was personally acquainted with the subscribing witness. He says that such witness was known to him. That is a substantial compliance with the requirement of the law. It is not necessary that the precise language of the statute should be used; and the officer cannot properly certify that he knows the party making an acknowledgment or proof before him, unless he is personally acquainted with him. But if the certificate in that respect is defective, that objection is not available now. It was not taken on the

trial. If it had been it might have been obviated by the production of the subscribing witness himself, or by other competent proof. It is true that the defendant urged as one of the grounds of his objections to the reception of those documents, that its execution should be proven by a subscribing witness, or that his non-production should be accounted for; but that related to the nature and character of the proof itself, and not to any form or defects in the certificate of such proof. That ground was clearly untenable. Nor was it necessary that the acknowledgment or proof should be taken before the commencement of the action. All that is required is, that the requisite certificate of the fact shall be indorsed on the document. The production of the witness was, therefore, not necessary.

The objection taken to the agreement on the ground "that it was a collateral agreement," was without foundation. It was, in fact, a part of the terms of the bill of sale.

Nor were any of the other grounds of objection well taken. They principally related to the order of proof merely, and not to the competency of the evidence. Those in reference to the delivery and acceptance of the papers, were answered by their production and the acts of the parties under them, and the residue were sufficiently obviated by evidence during the progress of the trial.

The exceptions taken to the judge's charge, and his refusal to charge as requested by the defendant's counsel, remain to be noticed. If the assignment was fraudulent as against creditors, that could not affect the title of the plaintiff, if he was not connected with the fraud, and was in fact a purchaser in good faith, and for a valuable consideration, and without notice of the fraud. Nor could the fact that the assignees, immediately after the acceptance of the assignment, refused to take possession of the entire property, deprive them of their rights under it, or relieve them of their obligations under it. These views show that the requests to charge were improper, and that the charge as made in refer-

Sheldon *v.* Stryker.

ence to them was correct. The judgment, therefore, cannot be reversed on the ground of any of the exceptions presented in the case.

It then becomes necessary to consider whether the motion for a new trial should have been granted, either on the ground that the verdict was against evidence, or on the ground of newly discovered evidence.

The judge in his charge submitted the question as to the time of the delivery of the execution and attachments and the levy under the same, to the jury for their determination, and they have found adversely to the defendant.

There was sufficient evidence to sustain that finding. It is true, that the testimony of one of the witnesses tended strongly to establish a different result, but facts and circumstances stated by him, and the other testimony in the case, which to a certain extent was in conflict with his evidence, warranted the conclusion that the plaintiff's title was acquired before any levy was in fact made, and sustained the verdict rendered by the jury. There is, therefore, no ground for setting it aside as against evidence, nor is the defendant entitled to a new trial on the ground of newly discovered evidence.

The evidence of which he seeks to avail himself is cumulative merely. It relates to the most important matters controverted on the trial, and upon which the jury, under the charge of the court, had rendered their verdict. Such evidence is not a ground for a new trial; but if it was, there is another objection to the application, which is fatal. It appears, by the case and affidavit, that the cause was tried on the 13th day of April, 1863; that judgment was rendered on the 8th of May following; that the defendant, on the 5th day of June last, appealed from that judgment, and that the notice of the motion was not given till the next month. The application is too late. It cannot be made after judgment entered. This was held by us in the case of *Peck* v. *Hiller,* reported in 30 *Barb. p.* 656. There the rules and

principles applicable to motions of this kind were considered, and it was decided that they will not be granted where the evidence is cumulative in its nature, or where a party has been guilty of laches in making it, or where judgment has been entered. Under that decision, the motion in the present case was properly denied. The result of these views is, that the judgment, and the order denying the motion for a new trial, must both be affirmed, with costs.

[KINGS GENERAL TERM, February 8, 1864. *Brown, Lott* and *Scrugham,* Justices.]