### HEDGES v. BUNGAY.

*Assignment for benefit of creditors — title to assigned property — filing bond without approval.*

In an assignment for the benefit of creditors under Laws 1860, chap. 348, by reason of the continued absence of the county judge from the county, the assignee's bond was filed without such judge's approval. *Held*, that the assignee did not acquire title to the assigned estate, and a levy after the assignment upon property belonging thereto, under an execution against the assignor, was valid.

SUBMISSION of a controversy, without action, between Charles Hedges and others, and George W. Bungay, Jr., assignee of Eleazer P. Bowen. The facts were these :

On July 6, 1874, said Bowen made an assignment of his estate for the benefit of his creditors, to defendant, under the provisions of Laws of 1860, chap. 348, and acts amendatory thereof. The assignment was executed, acknowledged and recorded in conformity to the statute. The assignee accepted the trust, and took possession of the assignor's estate. The necessary inventories and schedules were presented to the county judge and were filed within the time required. The county judge, at the time said inventories were presented to him, fixed the amount of the assignee's bond at $1,300. The assignee executed a bond to the people of the State in that amount, in accordance with and within the time fixed by the statute, viz.: thirty days, and endeavored to present said bond to the county judge for his approval, but the said judge was continuously absent from the county during all of the last five of the

thirty days within which the bond should be filed. The assignee, therefore, filed the bond in the county clerk's office, without the approval of the county judge.

The plaintiffs, in the meantime, obtained a judgment against said Bowen and duly issued execution thereupon to the sheriff of the county of Kings.

The plaintiffs claim that the lien of their execution is paramount to the title of the assignee to the personal estate of said Bowen.

The only question involved is, whether the omission of the assignee to obtain the approval of the county judge to his bond, after the said assignee had in every other particular literally complied with the statute, and the omission to obtain such approval was caused by no neglect on the part of said assignee, but by the absence of the county judge from the county, invalidated the assignment.

*McDaniel, Lummis & Souther* and *Chas. H. Knox,* for plaintiffs.

*Henry Arden,* for defendant.

Present — BARNARD, P. J., TAPPEN and GILBERT, JJ.

TAPPEN, J. This is a controversy submitted without action under section 372 of the Code.

The plaintiffs had judgment and caused levy to be made on certain property of Bowen, their judgment debtor. Before this levy, Bowen had made a general assignment for the benefit of creditors to the defendant under the act of 1860, chap. 348, but the bond of the assignee, required by section 3 of that act to be approved by the county judge, and filed within thirty days, etc., had not been so approved or filed. The reason given is, that the bond was ready, but the judge was absent from the county, and the bond was filed without such approval.

The case of *Juliand* v. *Rathbone,* 39 N. Y. 369, governs the question here presented, and controls the case.

The assignee did not take title to the assignor's estate until the bond was approved and filed, because of the peculiar language of section 3 of the act which says, that "until such security be given, the assignee shall have no power or authority to sell the property or convert the same to the purposes of the trust," and the

The plaintiffs by their levy acquired a lien which was not defeated by the existing assignment, and they should have judgment on the submitted case, with costs.

