NEW YORK PRACTICE REPORTS. 277 ·

Produce Bank of the City of N. Y. agt. Baldwin.

# N. Y. SUPERIOR COURT.

THE PRODUCE BANK OF THE CITY OF NEW YORK agt. AUSTIN BALDWIN, assignee, &c., *et al.*

*Title of assignee to assigned property for the benefit of creditors.*

An assignee for the benefit of creditors in the city of New York, is bound to cause his bond to be filed as required by the third section of chapter 348 of the Laws of 1860, in the office of the clerk of the county where the assignment is recorded. Filing it in the office of the clerk of the court of common pleas is not sufficient.

The affidavit attached to the schedule or inventory of the debtor's property, is insufficient where it is sworn to before a notary public of Kings county, where the notary has not filed in the office of the clerk of the city and county of New York, a certified copy of his appointment for the county of Kings, with his autograph signature as required by chapter 807 of the Laws of 1873.

*Special Term, July,* 1875.

THIS action was brought by the plaintiff, who sues under a judgment obtained against Joseph Morton, Leon Weil and Alphonse Weil of this city, party defendants herein, and Austin Baldwin, assignee for the benefit of their creditors, and is brought to set aside the said assignment as void.

*D. J. Newland,* for plaintiff.

*Fransioli, Tilney & Mosher,* for defendant.

FREEDMAN, *J.* — In *Juliand* agt. *Rathbone* (39 *N. Y.,* 369) it was held that after the delivery of an assignment for the benefit of creditors, pursuant to chapter 348 of the Laws

of 1860, and before compliance with sections 2 and 3 of said act, the assignee is invested only with an inchoate title, which is good against creditors, provided it is thereafter perfected by a compliance with these sections; but that in case' of failure so to comply the assignment must be adjudged void. The assignee in this case was, therefore, bound to cause his bond to be filed as required by the third section in the office of the clerk of the county where the assignment had been recorded. This has never been done. Filing it in the office of the clerk of the common pleas is not sufficient. I am also of the opinion that the affidavit attached to the schedule or inventory of the debtors which was filed is wholly insufficient. Chapter 600 of the Laws of 1874, amending section 2 of chapter 348 of the Laws of 1860, does not help the assignee, because he has not availed himself of its provisions. Besides, that act does not repeal, but is in addition to the second section of the act of 1860, as construed by the court of appeals, and consequently must be read in connection with it. The title of the assignee in this case must therefore stand or fall with the debtors' compliance with the requirements of that section. One of their requirements is that a certain affidavit shall be made by every debtor and annexed to and delivered with the inventory or schedule. Such affidavit can only be taken before an officer authorized to take the same at the time and place at which it is taken. The affidavit in question is dated February 6th, 1874, its venue in the city and county of New York and the officer who took it subscribed himself "Thomas J. Tilney Notary Public, Kings County." It is admitted that on the day named the said Tinley was not a notary public appointed in and for the city and county of New York, and that he had not filed in the office of the clerk of the city and county of New York a certified copy of his appointment for the county of Kings, with his autograph signature, as required by chapter 807 of the Laws of 1873. This statute makes such filing a condition precedent to the exercise of any function in any county other than the one

Produce Bank of the City of N. Y. agt. Baldwin.

for which the notary is appointed, and repeals by implication so much of chapter 703 of the Laws of 1872 as is in conflict with it. The defects so far pointed out being sufficient within the decision of the court of appeals in *Juliand* agt. *Rathbone* to render the assignment fraudulent as against the plaintiff. It is unnecessary to consider the effect of the filing of the inventory in the office of the clerk of the court of common pleas instead of in the office of the clerk of the city and county of New York, as required by the sixth section of the act of 1860. The plaintiff is entitled to the judgment prayed for.