OTTO VON HEIN, AS ASSIGNEE IN BANKRUPTCY OF EMANUEL BUCHSTEIN, A BANKRUPT, RESPONDENT, *v.* ISAAC ELKUS AND EMANUEL BUCHSTEIN, APPELLANTS.

*General assignment — chap.* 348 *of* 1860, § 3 *— failure to file bond — Assignment without preference — bankruptcy act.*

The omission of an assignee for the benefit of creditors to file the bond required by section 3 of chapter 348 of 1860, does not — certainly until the inventory is filed — *per se* invalidate the assignment.

The right to make a general assignment for the benefit of creditors is not suspended by the provisions of the bankrupt act, provided such assignment contains no preferences and is not made with intent to defraud the creditors of the assignors.

*Haas* v. *O'Brien* (Ct. App., not yet published) followed.

APPEAL from an order appointing the plaintiff the receiver of the property, assets and effects of the defendant Buchstein, which the latter had assigned to the defendant Elkus, under and by virtue

of a general assignment for the benefit of creditors, dated and recorded on the 23d of November, 1875.

The facts are as follows: On the 23d day of November, 1875, the defendant Buchstein made to Elkus a general assignment, without preferences, for the benefit of creditors, under the laws of the State of New York.

On or about the 30th day of November, 1875, a petition in bankruptcy was filed against Buchstein in the United State District Court, Southern District of New York, and such proceedings were had thereon that, on or about the 19th day of February, 1876, the said Buchstein was adjudged a bankrupt; and on that day Otto Von Hein was appointed assignee of said bankrupt's estate. And on the 24th day of February, 1876, Isaac Dayton, the register in bankruptcy to whom the matter was referred, made to Von Hein, as assignee, a formal assignment of the estate of Buchstein, under the provisions of the fourteenth section of the United States bankrupt act.

The complaint avers that the plaintiff, as assignee, demanded from Elkus the possession of the property, and that Elkus refused to deliver it to him.

The answer admits the demand by the plaintiff, as assignee under the United States bankrupt law, and the refusal of the defendant to deliver it to him.

The complaint also charges that the assignment to Elkus was made with intent to delay the operation of the bankrupt act, and also to hinder, delay and defraud the creditors of Buchstein.

These allegations are denied by the answer.

The defendant Elkus admitted that he had disposed of certain goods belonging to the bankrupt before filing the bond required by the act of 1860, but alleged that "at the time of such sales the said assignee had his bond executed and ready to be filed, and that the same would have been filed but for the injunction obtained at the instance of the plaintiff in the bankruptcy court, and served on said assignee."

*A. J. Dittenhoefer* and *Cornelius A. Runkle*, for the appellants.

*D. M. Porter*, for the respondent.

BRADY, J.:

The assignment made by the defendant Buchstein to his co-defendant, Elkus, contained no preferences, and is not assailed by proof showing that it was intended to defraud creditors. Its invalidity seems to have been predicated, therefore, of the omission of the assignee to file a bond as required by the act of 1860. (Laws of 1860, chap. 348.) The statutes of 1860 and the amendments of 1874 (Laws of 1874, chap. 600), provide, on that subject, that the debtor making the assignment shall file an inventory or schedule within twenty days after the date thereof, but if it be omitted, or the debtor refuse to make it, the assignment shall not for that reason become invalid or ineffectual. The assignees are then authorized to make an inventory within six months of the date of the assignment of all the property which they may be able to find, and compulsory measures are provided to assist them. The assignees are required, within ten days after the delivery of the inventory or schedule to the county judge (and before they shall have power or authority to sell, dispose of, or convert to the purposes of the trust, any of the assigned property), to enter into the bond provided for; and it is declared that the bond shall be filed in the county clerk's office where the assignment is recorded. The bond is to follow the inventory which is to be furnished by the assignor, and the obligation to give it does not seem to arise until the inventory is made as directed. When the assignor omits or refuses to make the inventory, a case is presented for which, in reference to the bond of the assignees, no provision is made, and upon a strict construction of the statute no bond could be exacted in such a case, because the contemplated inventory is not given.

The assignees, nevertheless, would not only then have the right themselves to make the inventory, but to invoke the power of a court to assist in its preparation. An inchoate right to the property would in the mean time vest in them for the purposes of the trust (*Juliand* v. *Rathbone*, 39 N. Y., 369), although they would not be empowered to dispose of it until the required bond was given.

The object of the inventory is to aid in determining the amount of the bond to be given. It seems, therefore, taking all the provisions of the act of 1860, and amendments, into consideration, that the omission to execute and file a bond would not, *per se,*

invalidate an assignment; and such appears to have been the decision in the Court of Appeals in the case of *Thrasher* v. *Bentley* (59 N. Y., 649), the report of which is, however, meagre and unsatisfactory. It seems to be decided also in that case that the common-law right to make an assignment existed, even though by operation of the bankrupt law the statute of 1860 was suspended; but the error of this view arises from the fact that the statute regulates the exercise of the right, and both must fall or stand together.

The Court of Appeals had already held that this was the effect of the statute, because it was declared that the omission to acknowledge the assignment, and to have the proof thereof certified before delivery, in accordance with that statute, rendered it void. (*Juliand* v. *Rathbone*, 39 N. Y., 369, *supra*.) That proceeding was not necessary by the common law.

The Court of Appeals has also recently determined a mooted question, namely, whether the effect of the provisions of the bankrupt law relating thereto had not suspended the right to make an assignment for the benefit of creditors, and in favor of the right, provided the assignment be one without preferences, and it be made without intent to defraud creditors. (*Haas* v. *O'Brien*, MS., not yet reported.) * In this case we have therefore the necessary elements to sustain the assignment made. It is not *per se* void. It is not void because of the omission to file the necessary bond. It is not void because it was executed in good faith, and contains no preferences. The plaintiff did not, therefore, by virtue of his appointment as assignee in bankruptcy, acquire the right to possess the property. He could have applied, doubtless, to compel the giving of the bond, or the surrender of the property, if one were not given, because, as we have seen, the right to appropriate the property was not absolute until the bond was given. (Act of 1860, chap. 348, § 3 ; *Juliand* v. *Rathbone, supra*.)

* In *Mayer* v. *Hillman* (1 Otto, 496), the Supreme Court of the United States held that an assignment by an insolvent debtor of his property to trustees, for the actual and common benefit of all his creditors, is not fraudulent ; and that when executed *six* months before proceedings in bankruptcy are taken against the debtor, it cannot be assailed by an assignee in bankruptcy subsequently appointed. The court in the same case say that such an assignment, even though executed within six months of the filing of the petition, is not *void*, but decline to express any decided opinion as to whether or not it is *voidable.* — [REP.

For these reasons, we think the order appointing the receiver was erroneous and should be reversed, with ten dollars costs and the disbursements of the appeal, with liberty, however, to renew the application for the appointment of a receiver upon further and proper proof.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed with ten dollars costs and disbursements, with liberty to renew application for the appointment of a receiver upon further and proper proof.