MORTIMER P. WORTHY, AS ASSIGNEE OF DUDLEY W. CASE, PLAINTIFF, *v.* DAVID V. BENHAM, SHERIFF OF ONTARIO COUNTY, DEFENDANT.

*General assignment — failure of assignee to give bond — effect of — chap. 348 of 1860 and chap. 56 of 1875.*

Under the provisions of chapter 348 of 1860, as amended by chapter 56 of 1875, relating to general assignments, the failure of the assignee to enter into the bond within the time thereby prescribed does not invalidate the assignment. The statute simply prohibits him from selling the assigned property or converting it to the purposes of the trust until he shall have entered into such bond.

MOTION for a new trial on a case and exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed by the court.

*Metcalf & Field*, for the plaintiff.

*Edwin Hicks*, for the defendant.

TALCOTT, J. :

This is a motion for a new trial after a nonsuit at the Ontario Circuit, upon exceptions ordered to be heard at the General Term in the first instance. The action is for taking and detaining 6,000 hoop poles.

The plaintiff claims as the assignee of one Dudley W. Case under an assignment for the benefit of creditors ratably and without giving preferences. The assignment was dated and acknowledged the 25th day of September, in the year 1876. Case made a schedule and inventory of the assigned property, pursuant to section 2 of chapter 348 of the Laws of 1860. No question was made as to the form or contents of the said schedule and inventory. The schedule and inventory were duly verified by Case on the 19th day of October, 1876, and delivered to the county judge on the 28th of October, 1876, and filed in the office of the county clerk on the 30th of October, 1876.

The defendant justifies the taking and detaining of the goods, as sheriff of Ontario county, by virtue of an execution in favor of one Edwin Bond on a judgment against the assignor, Case, recovered in February, 1877. The defendant alleged in his answer that the said assignment was made and accepted with intent to hinder, delay and defraud the creditors of said Case. On the trial he gave no evidence tending to impeach the validity of the assignment, except by proving that the bond required by the statute of 1860 was not approved by the county judge or filed till the 4th of December, in the year 1876. The justice at the Circuit ordered the plaintiff to be nonsuited, relying on the case of *Juliand* v. *Rathbone* (39 N. Y., 369).

We think the Circuit judge erred in directing the nonsuit. The Court of Appeals held, in *Juliand* v. *Rathbone*, that the neglect to file the inventory and schedule within the time prescribed rendered the assignment void ; and afterwards the legislature, by the act of 1874, chapter 600, enacted that if the assignor omits or refuses to make and deliver the inventory or schedule and affidavit, as in the act specified, "the assignment shall not, for such reason, become invalid or be ineffectual." This alteration of the statute the Court of Appeals, in *The Produce Bank* v. *Morton* (52 How. Pr. R., 157), recognizes as an abrogation of the rule laid down by the court in *Juliand* v. *Rathbone* (*supra*). By the act of 1875, the statute of 1860 was still further amended by providing that the assignee, in any such assignment, shall, within ten days after the delivery to the county judge of the inventory and schedule, and before he shall have power or authority to sell, dispose of or convert to the purposes of the trust any of the assigned property, enter into a bond, etc. The statutory provision on this subject seems to intend, not that a failure to enter into the bond within the ten days shall have the effect to avoid the assignment, but to prohibit the assignee from selling the assigned property, or converting it to the purposes of the trust, until he shall have entered into such bond. Such seems to be the view the courts have taken of that provision since the case of *Juliand* v. *Rathbone*.

The Court of Appeals, in *Thrasher* v. *Bentley* (59 N. Y., 649; S. C. more fully reported in 1 Abbott's New Cases, 39), holds, that even the entire invalidity of the bond does not affect the validity

of the assignment. See, also, a decision to the same effect in the first department. (*Von Hein* v. *Elkus*, 8 Hun, 516.)

The nonsuit is set aside and a new trial ordered, costs to abide the event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Nonsuit set aside and new trial ordered, costs to abide event.