# Cases

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## March, 1885.

---

HORACE B. CLAFLIN AND OTHERS, RESPONDENTS, *v.* CLINTON H. SMITH AND OTHERS, APPELLANTS.

*General assignment — defects in the certificate of acknowledgment — when the certificate will be sustained.*

This action was brought to set aside a general assignment for the benefit of creditors made by the defendant Clinton Smith to his brother John. Immediately under the attestation clause and the signatures and seals of the parties followed a certificate of acknowledgment as follows:

' On this 21st day of February, 1882, before me personally appeared Clinton H. Smith and John G. Smith, of the city of New York, to me personally known to be the individuals described in and who executed the same, and who acknowledged to me that they had executed the same, for the purposes therein mentioned."

Upon the trial the defendants offered, but were not allowed, to prove by the commissioner who signed the certificate that the acknowledgment was in fact made in due form at the time stated. The assignment had been duly recorded.

*Held,* that the evidence should have been received as it showed that the defendants had in fact complied with all the requirements of the statute, and thereby eliminated from the case all questions as to their intent not to comply with them.

That, construing the certificate in accordance with the rule which requires the court to so read all such official acts as, if possible, to make them effective to preserve the rights of the parties, it satisfied the requirements of the act and rendered the assignment a valid and complete instrument.

APPEAL from a judgment in favor of the plaintiffs, entered upon a trial at the Special Term, and from two intermediate orders admit-

ting several parties as plaintiffs in the action, to whom final judgments were awarded.

*R. L. Fowler, J. J. Adams* and *W. F. Dunning,* for the appellants.

*Otto Howitz* and *Daniel C. Briggs,* for the respondents.

DAVIS, P. J.:

This action was brought by Horace B. Claflin and others, judgment creditors of the defendant Clinton H. Smith, after the return of an execution unsatisfied, to set aside an assignment made by said Smith for the benefit of his creditors to the defendant John G. Smith. The assignment preferred certain creditors who were afterwards on application to the court permitted to come in as defendants to assert the validity of the assignment. The original plaintiffs prosecuted the action for themselves, and " on behalf of all others who wish to join " therein. The several orders appealed from permitted other judgment creditors who were not in condition to commence such an action at the time this suit was brought, but who afterwards, before the making of the orders, had recovered judgments and issued executions which had been returned *nulla bona* to come in as parties plaintiff.

On the trial the case upon its merits turned wholly upon the question of the invalidity of the assignment by reason of an alleged defective certificate of acknowledgment of its execution by the assignor and the assignee. The body of the assignment is in all respects valid and complete in form. It concludes with an acceptance of the assignment by the assignee in these words : "And the said party of the second part hereby accepts the trust created and reposed in him by these presents and for himself hereby contracts, covenants and agrees to and with the said party of the first part that he will honestly faithfully execute and carry out the same according to the best of his ability." Following which is an attestation clause and its execution in this form :

" In witness whereof, we, the said parties hereto, have hereto set our hands and affixed our seals the day and year first above written.

" CLINTON H. SMITH. [L. S.]

" JOHN G. SMITH. [L. S.]

"Witness : EDWARD C. GRAVES."

Immediately under which is a certificate of acknowledgment in the following form:

"STATE OF NEW YORK,  } *ss.:*
CITY AND COUNTY OF NEW YORK. }

On this twenty-first day of February, one thousand eight hundred and eighty-two, before me personally appeared Clinton H. Smith and John G. Smith, of the city of New York, to me personally known to be the individuals described in and who executed the same, and who acknowledged to me that they executed the same for the purpose therein mentioned.

JOHN N. BRUNS,
*Commissioner of Deeds, N. Y. Co.*"

After its delivery this instrument was presented for record at the office of the county clerk and by him accepted and recorded as required by the statute. It is asserted by the respondent, and was held by the court below, that the assignment was unlawfully recorded because of the defective certificate of acknowledgment; and for that reason also was wholly void. On the trial the commissioner of deeds who took the acknowledgment was called as a witness, and the fact that an acknowledgment was made in due form at the time stated in the certificate was offered to be proved. The evidence was excluded and an exception was taken. We are of opinion that the court erred in holding that the certificate was fatally defective. That it is defective in form is apparent; but that defect is manifestly an error of the officer who took the acknowledgment in the omission perhaps of a single word, and undoubtedly it did not arise from any error or omission of the parties in making the acknowledgment. Their offer to show by the commissioner of deeds that the acknowledgment of the execution of the instrument was in fact made, ought, we think, to have been received for the purpose of showing that the assignment was in fact duly acknowledged although the certificate is in form defective. They had a right, it seems to us, to show this for the purpose of establishing that in point of fact they complied with the requirements of the statute in respect of the act of acknowledgment. This would have eliminated from the case all questions of intent not to comply with any requirement of the statute, and left to the court to determine the naked question

of the effect of the mere accidental omission of a public officer to fully certify what was in fact done. A different rule might prevail in a case where the error was the intentional or actual one of the parties, than that which the courts ought to apply to the accidental mistake of an officer in omitting to fully certify what was really performed. Of course, if in the latter case the certificate of the officer were so absolutely defective that the court could not construe it as signifying, though elliptical in form, substantially what the law requires, the parties must bear the consequences. It is a rule of law in the construction of all such official acts that the court must read them, if possible, in such a way as to make them effective to preserve the rights of parties; and it is in the light of that rule that the certificate in this case should be read, and understood. Its immediate connection with the instrument itself is not to be lost sight of in ascertaining the significance of its words. It stands in direct contact with the clauses of acceptance and of attestation and the signatures and seals of the parties, and it is not to be separated from them and read as an independent certificate for the purpose of destroying its legal effect. On the contrary, it is to be read with the instrument, and as a part of it required by law for the purpose of enabling the parties to the instrument to consummate its execution; and so read there seems to be no difficulty in seeing in the form of the certificate that Clinton H. Smith and John G. Smith, the parties who executed the instrument, were the persons who personally appeared before the officer, and were personally known to him to be the individuals described in and who executed the same. The phrase "personally known to be the individuals described in" plainly refers to the body of the instrument for the description of the persons who personally appeared before and were personally known to the commissioners; and the following words: "and who executed the same, and who acknowledged to me that they executed the same, for the purposes therein mentioned," can have no significance except one, which is made explicit and clear by reference to the assignment preceding the certificate, as is the manifest intent of the language used. The contrary construction seems to rest altogether upon the idea that the words "described in," and the words "therein mentioned," and the words "the same" which are twice used in the certificate, can have no significance, and therefore can

have reference to nothing that is not itself also stated in the body of the certificate. But that is not the practical good sense which ought to be applied to the construction of official documents. Those words are to have some significance, if possible to give them one, in construing the certificate. But what difficulty is there in holding that they do refer to and mean the assignment just executed by the parties thereto, who then appeared before the officer for the purpose of acknowledging its execution? If this certificate were read, as it appears on and immediately following the instrument, by 10,000 plain practical business men it is altogether probable that not one in all that number would hesitate to say that it referred to the instrument and acknowledged its execution. An astute lawyer, studying the certificate with a view to attack the validity of the instrument, might discover an omission of something that if inserted would have made the certificate plainer and clearer than it now appears. But his ability to make such a discovery is not the test which courts seeking to administer justice only, and which are bound to uphold rather than destroy official acts, ought to apply to such a certificate.

In our opinion, therefore, the words " the same," as used in this certificate, are not meaningless but have a legitimate sense, and are to be read as though the words were " this instrument," in the first place in which they appear. The law will do this because it preserves and effectuates a manifest intent of the parties to the assignment; and because also it preserves a manifest intention of the public officer who made the certificate, and prevents a mere *lapsus* on his part from proving fatal to an otherwise complete and entirely valid instrument of the parties who made the acknowledgment. These views do not conflict, as we think, in any sense with the provisions of chapter 466 of the Laws of 1877, known as the general assignment act. Section 2 of that act supersedes the requirements in relation to acknowledgments contained in the provisions of the act of 1860, and does that, as we think, for the express purpose of getting rid of certain technical requirements which the courts had been obliged to uphold in respect of the manner and form of acknowledgment to entitle the assignment to be recorded. The latter act looks only to the substance of the thing, and is satisfied when the act appears in that respect to have been complied with. No form of certificate is therein prescribed, and consequently it

need not be in any particular form. (*Ritter* v. *Worth*, 58 N. Y., 627; *Sheldon* v. *Stryker*, 42 Barb., 284; *West Point Iron Co.* v. *Reymert*, 45 N. Y., 703.) It is the policy of the law to uphold a certificate when substance is found (*Kelly* v. *Calhoun*, 95 U. S., 713), and it should be the aim of courts in cases of defective certificates to preserve and not to destroy, and the court should be astute to find means to make official acts effectual (*Morse* v. *Clayton*, 21 Miss., 373; *Wells* v. *Atkinson*, 24 Minn., 161), and for that purpose the court may refer to the deed itself. The numerous authorities cited by one of the learned counsel for the appellant, establish this rule of the courts. In *Scharfenburg* v. *Bishop* (35 Iowa, 60) the word "appear" was omitted, and it was held obviously a mere clerical error. In *Davar* v. *Cardwell* (27 Ind., 478) the form of the certificate was "acknowledge it;" it was held that "it" meant the deed. In *Pickett* v. *Doe* (5 Smedes & M. [13 Miss.], 470) the acknowledging officer inserted his own name instead of that of the grantor, and this was held not to be fatal. In *Samuels* v. *Shelton* (48 Mo., 444) the mistake was an omission to identify the deed, and it was held to be of no consequence, because it was obvious what was intended. In *Rigler* v. *Cloud* (14 Pa., 364) the court say : "It is against the spirit and genius of our government to extend nice technical objections to the acts of magistrates and other functionaries of the law, who are called periodically from the mass of the people to dischage such duties without previous legal learning or experience, and thereby disturb estates long settled and purchased for full value, and thus revest the estate in the hands of the original vendor by a legal quirk." (And see *Warner* v. *Jaffray*, 96 N. Y., 253.)

It is not necessary to consider any other questions presented on the appeal, because, if our conclusions be right, it follows that upon the findings of the court below, the judgment should not only be reversed, but this court should also proceed to pronounce judgment dismissing the complaint.

We think that course should be taken, and the judgment should be reversed and judgment ordered upon the facts found, in favor of the defendant, dismissing the complaint, with costs.

Brady and Daniels, JJ., concurred.

Judgment reversed and judgment ordered for the defendant, dismissing complaint, with costs.