# Long, Appellant, *v.* McHenry.

*Deeds—Delivery—Evidence—Recording—Husband and wife.*

1. The delivery of a deed may be consummated by words alone, or by acts alone, or by both together; no formality is essential, and the question is to be determined by the intention of the parties as evidenced by their acts and declarations. The actual manual investiture of it need not be proved. The signing, attestation and acknowledgment by the grantor, and the recording of a deed are prima facie evidence of delivery, but there must be enough to indicate the intention of the parties to pass the title.

2. Where a husband purchases land and takes title in his wife's name without her in any way contributing to the purchase money or participating in the transaction, and subsequently the husband and wife convey the land to another whose deed is placed on record, and thereafter the grantee executes a deed of an undivided one-half of the land to the wife and delivers it to the husband, who places it on record six months thereafter, the delay in recording being for a sufficient reason, the court will hold that the delivery to the wife was sufficient as against the creditors of the person to whom the land was conveyed by the husband and wife, and who in turn conveyed the half interest to the wife.

*Practice, C. P.—Judgment n. o. v.—Points—Harmless error—Appeals.*

3. On an appeal from a judgment for defendant non obstante veredicto, where the appellant states in his argument that he had presented

a point for binding instructions, and that this was affirmed by the court, and this is not denied by the appellee although the printed record did not show such a point, and it also appears that the defendant's point for binding instructions was withdrawn, and the court below stated that it was agreed by counsel that the legal question should be disposed of on a motion for judgment n. o. v., the appellate court will not reverse the judgment, but will consider the irregularity as a consentable one that was waived at the time.

Argued Nov. 23, 1910. Appeal, No. 130, Oct. T., 1910, by plaintiff, from judgment of C. P. Chester Co., April T., 1909, No. 57, for defendants non obstante veredicto in case of R. E. Long, trustee in bankruptcy of Harry P. Little, v. Laura T. McHenry et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Ejectment for land partly in West Grove borough and partly in London Grove township. Before HEMPHILL, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned, under the instructions of the court, a verdict for the plaintiff. Subsequently the court entered judgment for defendants n. o. v.

*Error assigned* was the order of the court.

*J. Frank E. Hause,* with him *John R. Scholl,* for appellant.—It is perfectly apparent that there was at no time a delivery, or pretended delivery, of the deed to Laura T. McHenry: Eckman v. Eckman, 55 Pa. 269; Stinger v. Com., 26 Pa. 422; Ingles v. Ingles, 150 Pa. 397; Connor v. Bell, 152 Pa. 444; Galbraith v. Zimmerman, 100 Pa. 374; Sears v. Trust Co., 228 Pa. 126; Bauer v. Martin, 226 Pa. 45.

The judgment non obstante was entered by the court below in favor of the defendants, but they had presented no "point requesting binding instructions," and the court reserved no question of law for them and declined none. They were not therefore in position to ask for judgment

in their favor notwithstanding the verdict, and the court was without authority to grant it: Dalmas v. Kemble, 215 Pa. 410; Hardoncourt v. North Penn Iron Co., 225 Pa. 379; Chatham Nat. Bank v. Gardner, 31 Pa. Superior Ct. 135.

While there is no necessity, since the act of 1905, to formally reserve questions of law, nevertheless it is incumbent on the party who seeks to have judgment entered in his favor in the face of the verdict, that he should request binding instructions in his favor at the trial: Murphy v. Greybill, 34 Pa. Superior Ct. 339.

*Walter S. Talbot*, with him *Jos. H. Baldwin*, for appellees.—The delivery was sufficient: Blight v. Schenck, 10 Pa. 285; Cummings v. Glass, 162 Pa. 241.

On the trial of the cause, after all the material testimony was in, Judge HEMPHILL said: "Because, my own impression now is I can give binding instructions for the defendant." Counsel for the defendant immediately prepared a point for binding instructions and, when the testimony closed, presented the same to the court for action. Mr. Hause, of counsel for the plaintiff, then suggested to the court that as a matter of practice, it would be better not to act on the defendants' point, and that he would submit a point for the plaintiff, and that, upon defendants' exception to the ruling on the point and on motion for judgment n. o. v. the matter could be disposed of at argument court. This course, by agreement of the court and counsel on both sides, was acted upon. Judge HEMPHILL's opinion clearly states this in the following language, "It appearing upon the trial that no facts were in dispute, it was agreed that binding instructions should be given for the plaintiff and the legal question be argued and disposed of, upon exception thereto and motions for new trial and judgment non obstante veredicto, which were made accordingly."

Under the circumstances the court committed no reversible error in entering judgment for defendant n. o. v.

OPINION BY ORLADY, J., March 3, 1911:

The delivery of a deed may be consummated by words alone, or by acts alone, or by both together; no formality is essential, and the question is to be determined by the intention of the parties as evidenced by their acts and declarations. The actual manual investiture of it need not be proved. The signing, attestation and acknowledgment by the grantor, and the recording of a deed are prima facie evidence of delivery, but there must be enough to indicate the intention of the parties to pass the title: Rigler v. Cloud, 14 Pa. 361; Dayton v. Newman, 19 Pa. 194; Stephens v. Rinehart, 72 Pa. 434; Cameron v. Gray, 202 Pa. 566; Savits v. Speck, 21 Pa. Superior Ct. 608.

The uncontradicted facts in this case show that while the title was taken in the name of the wife, Laura T. McHenry, and, that she did not furnish any of the purchase money, or participate in the transaction in any way, the husband contracted and paid for a tract of twenty-two acres of land and took title in the name of his wife. That he negotiated the sale of four small parcels of this larger tract (for a price representing nearly the whole of the original purchase money), and conveyed the title thereto by deeds in which his wife joined. This left about sixteen acres of the property, with the title in the wife. The husband and wife then joined in a deed for these sixteen acres to one Little, who on April 1, 1907, with his wife, conveyed the undivided one-half thereof to Laura T. McHenry. The deed for this interest was properly executed by Little and wife, and was delivered by Little to Mark B. McHenry the husband, who retained it until October 17, 1908, when by the husband's direction it was placed on record. The reason given for not placing it more promptly on record was to facilitate and simplify certain expected conveyances. On November 28, 1908, Little was adjudged a bankrupt, and his trustee instituted this action of ejectment against the wife to recover the one-half interest on the land, on the theory that there was no effective delivery of the deed to the wife.

The testimony shows that the method adopted in securing, holding and transferring the title to this land was well understood between the husband and wife. She was a mere figurehead, investing no money, and with her consent, her husband was acting for her. When the deed was delivered to McHenry by Little it was not necessary for McHenry to declare that he received it for her, nor for the wife to make any declaration in regard to a title that was absolute on its face. The title to the land passed to her at that time and the rights of McHenry's creditors can rise no higher than his own, and as he cannot challenge her title, neither can they. Little could not have recalled the deed after the delivery to the husband and the transaction as to Little was complete, so that the delivery became effective for the grantee named in the deed.

The sufficiency of the physical delivery of this deed to the husband for the wife was the only question urged by the appellant, save a second proposition that was raised in regard to a matter of practice. The record shows that during the progress of the trial the court was disposed, and so stated, to give binding instructions for the defendant. The printed record does not show that a point, at plaintiff's instance, was presented requesting binding instructions in favor of the plaintiff, but that this was done, is stated by appellant in his argument, and also that such a point was in fact affirmed by the court. A point of like nature was presented by the defendant and subsequently withdrawn, so that, by the affirmance of the plaintiff's point and an exception thereto, on a motion for judgment non obstante veredicto, the legal question involved could be disposed of on argument. That such was the fact is averred by the appellee and is not denied either in printed or oral arguments. Further the court states it was so agreed by counsel, and we are not disposed to consider this phase of the case as a reversible error, it being considered a consentable irregularity that was waived at the time.

The judgment is affirmed.