## Somerset Borough *v.* Sweitzer, Appellant.

*Road law—Paving—Municipal lien—Signatures to petition—Evidence—Practice, C. P.—Acts of April 23, 1889, P. L. 44, June 4, 1901, P. L. 364, and April 14, 1905, P. L. 168.*

Where a borough under the authority of the Act of April 23, 1889, P. L. 44, has paved a street and caused the cost to be assessed against abutting properties, and has filed municipal claims against such properties in strict conformity with the provisions of the Act of June 4, 1901, sec. 11, P. L. 364, it will not be required on a trial of a scire facias on such claim, to disprove allegations of the affidavit of defense relating to the sufficiency in the number and interest of the signers to the petition for the improvement; and if at the trial the borough affirmatively proves that the notice of the petition had been duly posted in com-

pliance with the Act of April 14, 1905, P. L. 168, the defendants will not be permitted to introduce evidence to the effect that the signers· of the petition were insufficient in interest and numbers.

Argued May 6, 1913. Appeal, No. 156, April T., 1913, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1912, No. 179, on verdict for plaintiff in case of Somerset Borough v. Simon Sweitzer, defendant, owner or reputed owner, or whoever may be owner, and Lipscher and Crowley terre-tenants. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur municipal lien. Before RUPPEL, P. J.

At the trial it appeared that the borough of Somerset had paved West Main street upon petition of property owners, and under the authority of the Act of April 23, 1889, P. L. 44, it assessed two-thirds of the cost of the improvement against abutting properties, and subsequently filed claims against such properties in conformity with the provision of the Act of June 4, 1901, P. L. 364.

At the trial the plaintiff introduced evidence to show that the petition for the improvement had been duly posted in compliance with the Act of April 14, 1905, P. L. 168. The defendant made the following offer:

Mr. King: I offer petition for the purpose of showing that it is not signed by two-thirds of the owners of the property along West Main street, in the borough of Somerset, between West street and Franklin street.

This for the purpose of showing that there was not a petition presented to council signed by two-thirds of the owners of property fronting on West Main street before the work was begun.

Mr. Boose: Objected to as incompetent, irrelevant and immaterial for the reason that the defendant, together with all other property owners on said street, are now estopped from raising the question of the number of signers to said petition.

The Court: We sustain the objection to the admission

of testimony relative to the signers to the petition, exclude the evidence and note an exception to defendant. [3]

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) in giving binding instructions for plaintiff, and (3) ruling on evidence, quoting the bill of exceptions.

*Alexander King*, for appellant.—A city can create a valid lien only when the improvement is made in pursuance of law and the mode prescribed by statute is strictly.followed: Ferguson's App., 159 Pa. 39; Harper's App., 109 Pa. 9; Reilly v. Philadelphia, 60 Pa. 467; Erie v. Brady, 127 Pa. 169; Scranton v. Jones, 133 Pa. 219.

Posting notice is not effective without the sworn petition, no more than a sworn petition would be without the notice: Olds v. Erie, 79 Pa. 380; Erie v. Piece of Land, 176 Pa. 478.

*Norman Boose*, for appellee, cited: Allentown v. Ackerman, 37 Pa. Superior Ct. 363; Philadelphia v. Macpherson, 140 Pa. 5; McMurray v. Erie, 59 Pa. 223; Philadelphia v. Richards, 124 Pa. 303: In re Beechwood Avenue, 194 Pa. 86.

Opinion by Porter, J., July 16, 1913:

The borough of Somerset, under the authority conferred by the Act of April 23, 1889, P. L. 44, paved a street, caused two-thirds of the cost of the improvement to be assessed against properties abutting thereon, and filed claims against said properties, among which was that of this defendant, in strict conformity with the provisions of sec. 11 of the Act of June 4, 1901, P. L. 364. A writ of scire facias was issued upon the claim filed against the

property of the defendant and the trial resulted in a judgment in favor of the borough, from which the defendant appeals. The appellant states the question involved to be: "Is it not necessary to entitle plaintiff to recover, that it prove on the trial that a petition of at least two-thirds of the owners of the properties on the street graded and paved, was presented to council before the ordinance was passed and improvement made, where there is no reference in the lien filed that such petition had been presented?"

The claim conformed to the requirements of the act of June 4, 1901, and sec. 20 of that statute makes it evidence of the facts thus necessarily averred, and it was not incumbent on the plaintiff in the presentation of its case in chief, to disprove allegations of the affidavit of defense: Allentown v. Ackerman, 37 Pa. Superior Ct. 363. There had been a petition presented to council for the improvement of this street. The petition was offered by the defendant and admitted in evidence by the court. The appellant has not printed it in his paper-book and we might quash the appeal for that reason, but, instead of quashing, we will accept the statement in the opinion of the court below, that the petition was verified by the affidavit of W. L. Morrison, one of the petitioners. Counsel for the defendant made a formal admission, at the trial, that, within ten days after the passage and approval of the ordinance authorizing the improvement, there were posted along the line of the proposed improvement notices which strictly and fully complied with the provisions of the Act of April 14, 1905, P. L. 168. The borough having thus given notice that the petition for the improvement had been signed by two-thirds of the owners of property, representing not less than two-thirds of the number of feet of the property fronting on the street, had brought itself within the protection of the act of April 14, 1905, and it became incumbent on anyone who desired to question the sufficiency of the signatures to the petition to do so in the manner provided by that statute. The

remedy was by an appeal to the court of common pleas, within the time limited by the statute, under penalty of estoppel. The question as to whether the signers of the petition were, in interest and numbers, sufficient is, in this case, set at rest by the act of 1905: Beechwood Avenue: O'Mara's App., 194 Pa. 86. The offer of evidence by the appellant, tending to show that some of the signers of the petition did not own the property which they undertook to represent, was properly excluded. When a borough gives the notice necessary to bring it within the protection of the act of 1905, one of the results is to avoid the necessity of trying a number of ejectment suits in the proceeding to enforce a municipal claim.

The judgment is affirmed.