## Hartman's Estate (No. 2).

Argued October 4, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Harold W. Houck,* for appellant.

*Harry L. Siegel,* for appellees.

OPINION BY MR. JUSTICE BARNES, January 6, 1936:

In the opinion filed to-day and indexed to Nos. 8 and 11, May Term, 1935, we have discussed at length the facts pertinent to the distribution of this estate. We are concerned in this appeal with the following questions involved in the same estate: (1) The interpretation of Item 6 in the 1932 will of said decedent, Rachel J. Hart-

man; (2) whether or not a deed made by the testatrix worked a conveyance of the lands therein described during her lifetime, so that the lands were no part of her estate; and (3) a wage claim against the estate.

The first of the above questions relates to gifts of cash and personal effects of furniture which the testatrix desired to make and which were provided for in her will dated July 28, 1932, in accordance with Item 6 thereof, reading as follows: "After the distribution of certain cash gifts and certain personal effects of furniture, etc., *according to directions privately given to my hereinafter named executor or executors,* I direct that the balance of my estate of whatsoever nature be given to the White Memorial Congregational Church of Milroy, Penna." There is a provision approximately to the same effect contained in an earlier will dated July 29, 1931. From the record it appears that the executor was entrusted under oral directions to make such gifts to various persons named by testatrix. Included therein were certain charitable bequests. (For detailed discussion of these provisions, reference is made to our opinion this day filed in this estate.) The auditor, appointed by the court below to pass upon the exceptions and award distribution of the estate, found that the testatrix intended to establish in the hands of her executor a trust for the purpose of distributing the articles and funds to the persons named by her. The court below overruled the exceptions of appellant and sustained these gifts, excepting the charitable bequests, which were held void for the reasons already assigned. (Italics ours.)

Excluding the charitable bequests it was held that there had been created the equivalent of a gift in trust for the beneficiaries named. A decree in accordance therewith was entered, the court below in its opinion saying: "It is clearly established by the cases in this State that instructions by the testator to his executor as to making certain specific gifts, as privately directed, or the investment in the executor of full discretion with

relation to the disposal of the estate are to be sustained: Franken's Est., 15 W. N. C. 455; Beck's App., 116 Pa. 547; Murphy's Est., 184 Pa. 310; Watts's Est., 202 Pa. 85, and Fickes's Est., 59 Pa. Superior Ct. 535."

The second question presented by the appeal involves the following state of facts: The testatrix was seised of certain real estate. Prior to her death, to-wit, on or about December 15, 1931, she duly executed and acknowledged a deed conveying a part of her real estate to J. Charles Treaster, her farmer, and by deed bearing even date therewith, likewise duly executed and acknowledged, she conveyed certain other real estate to the Congregational Conference of Pennsylvania. Both deeds contain the following reservations: "But possession of all property herein conveyed shall remain in the absolute control of grantor, as well as all rents and incomes of all kinds from the farm land shall go to the grantor, during her lifetime, at her decease all shall go to the grantees." In December, 1931, approximately eight months prior to her decease, testatrix delivered these deeds to C. G. Milliken, her executor, with instructions that he was, upon her death, to deliver them to the grantees therein named, and she did not recall the deeds or change such instructions. The deeds were so delivered by Milliken to the grantees on October 7, 1932, after her decease. In the last will of testatrix dated July 28, 1932, there was contained the following item: "I give, devise and bequeath to my farmer, Charles Treaster, a certain plot or part of the home farm, which I call 'The Meadow' and all the balance of my real estate, wheresoever situate, to the Congregational Conference of Pennsylvania, and direct and empower my hereinafter named executor or executors, to fix the metes and bounds for the two above named tract or tracts. I hereby authorize and direct my hereinafter named executor or executors to execute and deliver good and sufficient deeds for the same."

The auditor appointed by the court below found that the delivery of the deeds was effective and was operative

as of the date when they were handed to the executor. He therefore sustained the validity of the deeds, and held that in view of the prior conveyance such real estate could not be disposed of by the will. Upon exceptions of appellant, the court below sustained the findings of the auditor in an opinion reading as follows: "The third question presented to the auditor by the testimony was whether or not a deed made by the testatrix dated the 15th day of December, A. D., 1931, to Charles W. Carroll, D.D., for the Congregational Conference of Pennsylvania, had, before the death of Rachel J. Hartman, worked a conveyance to the grantee of all her estate in the farm therein described. The learned auditor held that it did and that this land was not a part of her estate. The evidence shows that the testatrix instructed Mr. Rearick to deliver this instrument to Mr. Milliken, to be held by him and delivered to the grantee if Miss Hartman did not call for it before her death. After her death it was delivered to the grantee. This was a good delivery and vested the title in the grantee: Wagoner's Est., 174 Pa. 558. Actual manual investiture is not necessary. Delivery may be inferred or presumed from circumstances: Rigler v. Cloud, 14 Pa. 361. Delivery may be by words alone or by acts alone, or by both together: Kanawell v. Miller, 262 Pa. 9. It is to be noted that, while the deed was in the hands of Mr. Milliken during the lifetime of the testatrix, it was held by him not subject to the performance of any condition, but merely to await the lapse of time or the contingency of its being called for by the grantor. Under those circumstances, when it was delivered by the trustee, the time of the vesting of the title relates back to the first delivery to him on or about December 15, 1931: Stephens v. Rinehart, 72 Pa. 434."

The final question concerns an attempt to surcharge the executor for payments made to Anna Nale, the housekeeper and nurse for the testatrix, in the amount of $276, claimed by her to be due for services rendered. The au-

ditor found upon sufficient testimony that the wages paid by the accountant were just and reasonable. The court below held that from the evidence the auditor was justified in refusing the surcharge. From our examination of the record, we are not able to find any evidence of overpayment to this claimant, nor any formal exception to the same by appellant, either at the audit or thereafter. The court was clearly right in refusing the surcharge.

We are of opinion that the decision of the court below with respect to the three questions raised by this appeal was proper, and we find no error in the decree entered in accordance therewith. Accordingly, all assignments of error are overruled, and the decree is affirmed. Costs to be paid by the appellant.