## Mearkle's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bok and Bolger, JJ.

*Bryan A. Hermes,* for exceptant.
*Leo MacFarland,* contra.

SINKLER, J., April 30, 1937.—The facts are sufficiently stated in the adjudication. The conclusions of the auditing judge are sustained thereby, and as well by the principles of law relied upon by him. The exceptions relate to his finding that there was no valid gift inter vivos by decedent to her daughter. Wagoner's Estate, 174 Pa. 558, and Hartman's Estate (No. 2), 320 Pa. 331, relied upon by exceptant, are distinguished by the auditing judge on the ground that in the cases cited the person to whom delivery was made was considered a trustee. Among the other cases cited by exceptant, Gourley v. Linsenbigler, 51 Pa. 345, and Candor and Henderson's Appeal, 27 Pa. 119, relate to gifts mortis causa. In Hummel's Estate, 161 Pa. 215, notes payable after death of maker to nephews and nieces and delivered to one of them were held to be provable claims against the estate of the maker. In none of the cases cited did decedent assert his ownership of the property in question at the time of delivery, as in the present case.

The decision of this court in Tunnell's Estate, 27 D. & C. 18, has recently been affirmed by the Supreme Court, 325 Pa. 554, in an opinion wherein Linn, J., says inter alia (pp. 559-560) :

"While a trust inter vivos does not fail because a settlor declares that he holds the property in trust, with power to revoke and to receive the income during his life, it is well settled that 'where the settlor declares himself trustee and reserves not only a beneficial life estate and a power to revoke and modify the trust but also power to deal with the property as he likes as long as he lives, the intended trust is testamentary' ".

While the present case relates to a gift inter vivos, not a trust, the principles recited are not without application thereto.

While courts generally have been liberal in construing instruments inter vivos as valid deeds and not invalid wills, there exists between the two a zone which is troublesome.

The present case is particularly difficult because the only witness whose testimony could shed light on the question is out of the jurisdiction and refuses to come forward.

In Tunnell's Estate, supra, Justice Linn said (p. 556):

"The burden of proving their equitable title was on claimants. Such a trust 'must be created by clear and unambiguous language or conduct, it cannot arise from loose statements admitting possible inferences consistent with other relationships': *Wallace's Estate*, 316 Pa. 148, 151, 174 A. 397; *Brubaker v. Lauver*, 322 Pa. 461, 185 A. 848. It may be, as claimants contend, that Tunnell intended to vest rights in them, but we think the evidence is too uncertain and too indefinite to permit a court to reach that conclusion and that, for want of proof of his intention to hold the bonds as contended, the claims must be dismissed".

It is clear that claimant has not met the burden which has been placed upon her. The envelope in question contained a promissory note and a judgment note executed by claimant and her husband in favor of decedent. The notation on the envelope does not state that the obligations of the notes were to be canceled. It reads: "In case of death of Elizabeth A. Mearkle this envelope is to be

given to my daughter Mabel D. Palmer." It does not state for what purpose. It may have been for the purpose of administration, because Mabel D. Palmer was one of the executrices named in the will. This suggestion is strengthened by the second sentence of the notation: "Should Mabel D. Palmer be deceased at the time of my death, this is to be given to my grandson Frank H. Mc-Callum." The gift to claimant was at most contingent, because if she predeceased testatrix her estate would remain liable for the payment of the obligations of the notes.

The instrument can reasonably be so construed as to render evident an intention on the part of testatrix to retain title to the notes and to appoint her daughter as agent for the purpose of collecting the proceeds of the notes for the benefit of the estate, with an alternative appointment of a grandson in the event of the daughter dying before her.

The exceptions are dismissed, and the adjudication is confirmed absolutely.