## Commonwealth *v.* Derstine, Appellant.

Argued April 20, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.,

*J. Lawrence Grim, Jr.,* with him *Grim & Grim,* for appellant.

*Ward F. Clark,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, May 25, 1965:

Defendant was convicted of a violation of the Small Loans Act,* Act of June 17, 1915, P. L. 1012, as amended, 7 P.S. §751 et seq. The lower Court dismissed defendant's motions for a new trial and in arrest of judgment and imposed sentence. The Superior Court affirmed** on the Opinion of the lower Court. We granted allocatur.

The case comes before us on a statement of facts which the parties agreed to, in lieu of testimony. Defendant made a cash loan of $200 to the private prosecutor for an executed judgment note for $220 with interest, payable within 30 days, and secured by certain

---

* Hereinafter referred to as S.L.A.
** with one dissent.

collateral. The money was loaned by defendant on the prosecutor's assertion that he needed the money in the operation of his business. *There is no evidence that the prosecutor intended to or did use the proceeds of the loan for other than business purposes, nor was there any evidence that the prosecutor was pressed for lack of funds to meet any immediate necessities.*

Forty-five days after the loan had been made, the prosecutor repaid defendant a sum of money which he alleged included interest in excess of 6 percent per annum. Defendant denied ever having made any other loan and there was no countervailing evidence. Defendant's demurrer to the Commonwealth's evidence was dismissed.

The pertinent provisions of the S.L.A., supra, are as follows: "Section 1. The title of the act, approved the seventeenth day of June, one thousand nine hundred fifteen (Pamphlet Laws 1012) . . . is hereby amended to read as follows:

"AN ACT

"*Regulating the business of loaning money** in sums of six hundred ($600) dollars or less, either with or without security, *to individuals pressed by lack of funds to meet immediate necessities;* fixing the rates of interest and charges therefor; requiring the licensing of lenders; and prescribing penalties for the violation of this act.

"Section 6. . . . B. Every person . . . who shall, directly or indirectly, as principal, agent, or broker, by any device, subterfuge or pretense whatsoever, charge, contract for, or receive any interest, discount, fees, fines, charges or consideration greater than six per centum (6%) per annum upon the loan, use or forbearance of money, goods, or things in action, or upon the loan, use or sale of credit, of the amount or value

---

* Italics throughout, ours.

of six hundred ($600) dollars or less, without having obtained a license under this act, *shall be guilty of a misdemeanor, . . . .*"

The basic question involved in this appeal is whether the Commonwealth, in order to establish a violation of the S.L.A., must prove that the lender *is in the business of making loans to individuals pressed by lack of funds to meet immediate necessities.* The trial Court and a majority of the Superior Court were convinced (1) that Section 6, B., of the S.L.A., supra, is applicable and controlling, independent of and without reference to the title of the Act, supra, and (2) that a mere finding that defendant had contracted for or received interest in excess of 6% per annum on one loan of $600 or less, was sufficient for conviction.

In interpreting any Act of the Assembly, it is important to consider the title of the Act. Statutory Construction Act, Act of May 28, 1937, P. L. 1019, §54, 46 P.S. §554. In *City Stores Co. v. Philadelphia,* 376 Pa. 482, 103 A. 2d 664, the Court said (pages 487-488) : "The title is always a part of a statute or ordinance and, as such, must be considered in construing the enactment: in re Beechwood Ave., 194 Pa. 86, 90, 45 A. 127, 128; Duquesne Light Co. v. City of Pittsburgh, 251 Pa. 557, 563, 97 A. 85, 87; Peoples Natural Gas Co. v. Pittsburgh, 317 Pa. 1, 5, 175 A. 691, 693." See, also, *Hoffman v. Pittsburgh,* 365 Pa. 386, 75 A. 2d 649.

The S.L.A., which makes it a misdemeanor to make certain loans without a license, is penal in nature and, therefore, must be strictly construed. Act of May 28, 1937, P. L. 1019, §58, 46 P.S. §558(1) ; *Commonwealth v. Glover,* 397 Pa. 543, 546, 156 A. 2d 114. From a consideration of this Act, including its title, we are convinced that the Act did not cover or purport or intend to cover an isolated loan transaction, and that the *Commonwealth must prove that the defendant was en-*

*gaged in the business of lending money to individuals pressed by lack of funds to meet immediate necessities.* This it failed to do.

The judgment of the Superior Court is reversed, the judgment of sentence of the Court of Quarter Sessions of Bucks County is reversed, and defendant is discharged.