## Commonwealth *v.* McCray, Appellant.

Argued January 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Victor S. Jaczun*, Assistant Defender, with him *Louis M. Natali* and *Melvin Dildine*, Assistant Defenders, and *Herman I. Pollock*, Defender, for appellant.

*James D. Crawford*, Assistant District Attorney, with him *Alan J. Davis*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Eagen, May 21, 1968:

The appellant, Robert McCray, was convicted by a jury in Philadelphia County on six bills of indictment charging criminal false pretense in violation of the Act of June 24, 1939, P. L. 872, §836, as amended, 18 P.S. §4836. Motions in arrest of judgment or for a new trial were denied and prison sentences aggregating 12 to 30 years were imposed. On appeal the Superior Court affirmed without opinion. Judge Hoffman filed a dissenting opinion in which Judge Spaulding joined. We granted allocatur.

The sole question for decision is whether or not the trial evidence, viewed in the light most favorable to the Commonwealth, establishes that the appellant was guilty of the crimes of false pretense, as defined by the Act of June 24, 1939, supra. We conclude that it does not.

The Act of June 24, 1939, supra, provides: "Whoever, by any false pretense, obtains the signature of any person to any written instrument, or obtains from any other person any chattel, money or valuable security, with intent to cheat and defraud any person of the same, or being an officer, manager, agent, employe of or in any way interested in any person, by false pretense, knowingly and with intent to defraud, procures, obtains, or aids, assists, or abets in obtaining from any other person, any chattels, moneys or valuable securities for such person of which he is an officer, manager, agent, employe or in which he is in any way interested, is guilty of a felony. . . ."

The facts established by the evidence are briefly these:

The appellant, falsely representing himself to be an officer of the City of Philadelphia's Anti-Poverty Action Committee, induced six different individuals to provide the labor incident to the repair of properties connected with a church of which the appellant was

the minister or ordained deacon, on the promise that their services would be paid for by the committee from funds of the Anti-Poverty program. The appellant was not an officer of the committee, nor was he authorized to employ or engage anyone on its behalf. After the services were performed, and no compensation was forthcoming, the falsity of his representations was brought to light.

Under the Act of June 24, 1939, supra, to be guilty of the crime of false pretense, one must misrepresent an existing fact *and*, on the basis thereof, obtain from another person "any chattel, money or valuable security, with intent to cheat and defraud." The statutory phrase "chattel, money or valuable security" cannot be interpreted to include labor or services consistent with the often-repeated mandate that penal statutes must be construed strictly. See Act of May 28, 1937, P. L. 1019, §58, as amended, 46 P.S. §558; *Commonwealth v. Derstine*, 418 Pa. 186, 210 A. 2d 266 (1965). To say labor or personal services are encompassed in the controlling statutory phrase is to completely distort the language employed and to read therein something that just is not there. Although there are dicta to the contrary[1] to the extent that this language conflicts with our present conclusion, they are expressly disapproved.

At common law, labor or services could not be the subject of the crime of false pretense. Generally it is ruled that, in the absence of a clearly expressed legislative intent, labor and services are not the subject of

[1] See *Commonwealth v. Stone*, 187 Pa. Superior Ct. 236, 240, 144 A. 2d 610, 612 (1958), affirmed 395 Pa. 583, 150 A. 2d 870 (1959) (per curiam); *Commonwealth v. Matthews*, 196 Pa. Superior Ct. 60, 64, 173 A. 2d 772, 773 (1961); *Commonwealth v. Conners*, 201 Pa. Superior Ct. 500, 501-05, 193 A. 2d 682, 684-85 (1963); *Commonwealth v. Thomas*, 166 Pa. Superior Ct. 214, 216, 70 A. 2d 458, 459 (1950).

**134**

the statutory crime of false pretense. 2 Wharton's Criminal Law & Procedure, §604 at page 369 (Anderson ed. 1957) ; Perkins, Criminal Law 194 (1957).

In accordance with this generally accepted view, several jurisdictions have amended their criminal codes to specifically render it a crime to obtain labor or services by means of false pretense. E.g., New York Penal Code §165.15; New Jersey Penal Code §2A :111; California Penal Code §332. Section 1610 of the proposed Pennsylvania Crimes Code covers theft of services. However, this proposal has not been adopted thus far.

The order of the Superior Court is reversed and the judgments entered in the court of original jurisdiction are arrested.

Mr. Chief Justice BELL concurs in the result.