## Fickes's Estate.

*Will—Trusts and trustees—Oral evidence to establish trust—Limitation on absolute gift.*

1. Where a testator makes a devise or bequest absolute in form but upon a private understanding with the devisee or legatee that he will apply the estate to objects named by the testator, a trust arises which a court of equity will enforce and this whether the trust arises through the expressed promise of the devisee or legatee, or his assent which may be implied from his silence.

2. Where a testatrix gives all of her estate to a person named "her heirs and assigns forever, she knowing full well my wishes and I having confidence that she will carry them out," parol evidence is admissible to show that the legatee, who was also the executrix, was present when the will was executed, that she knew the purpose of the testatrix to give legacies of a designated amount to two of testatrix's brothers, and the children of another brother, and that the devisee promised the testatrix to carry out her wishes in the settlement of her estate. The trust thus established is not defeated because the testatrix said at the time she gave instructions with reference to the distribution of the property that if the legatee should interfere with the executrix and make trouble, she, the executrix, should "close in on them."

Argued March 9, 1915. Appeal, No. 1, March T., 1915, by Hattie M. Anstadt, from decree of O. C. York Co., dismissing exceptions to auditor's report in Estate of Henrietta M. Fickes, deceased. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to report of Richard E. Cochran, Esq., auditor.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing exceptions to adjudication.

*James G. Glessner,* with him *John A. Hoober,* for appellant.—This case is ruled by Pennock's Est., 20 Pa. 268.

In this state the rule is held that words in a will merely expressive of desire, recommendation and confidence, are not sufficient to convert the desire or bequest into a trust: Pennock's Est., 20 Pa. 268; Jauretche v. Proctor, 48 Pa. 466; Second Reformed Presbyterian Church v. Disbrow, 52 Pa. 219; Bowlby v. Thunder, 105 Pa. 173; Hopkins v. Glunt, 111 Pa. 287.

*Michael S. Niles*, with him *Samuel B. Meisenhelder, Charles A. May, George E. Neff*, and *Henry C. Niles*, for appellees.—The case at bar is governed by the principle laid down in Schultz's App., 80 Pa. 396.

The appellant expressly assented to the devise to her, with the trust to pay to the three brothers each $500. This was a trust not void by any law and must be enforced by the orphans' court which is a court of equity: Stirk's Est., 232 Pa. 98; McAuley's Est., 184 Pa. 124.

The other contention of the appellant: that by contesting the will the appellees were deprived of their legacy, is effectually disposed of by Chew's App., 45 Pa. 228.

Opinion by Henderson, J., April 19, 1915:

This appeal is taken from the decree of the orphans' court making distribution of the estate of Henrietta M. Fickes. The appellant is the testatrix and sole legatee. The testator's will is in these words, "I give, devise and bequeath all my property real, personal and mixed of which I may die seized and possessed to Hattie M. Anstadt of York, Pa., her heirs and assigns forever, she knowing full well my wishes and I having confidence that she will carry them out. I nominate, constitute and appoint Hattie M. Anstadt, executor of this my last will and testament." The appellant's contention is that the will gives an unqualified and absolute estate to her; that the reference in the will to the testator's wishes is precatory merely and that the legatee's

title is in no way limited thereby. The principle declared in Pennock's Est., 20 Pa. 268, is appealed to to support the appellant's claim. The position of the appellees is that a trust in their favor was created in Mrs. Anstadt as to part of the estate as shown by the terms of the will and the testimony taken by the auditor. There can be no doubt since the decision in Pennock's estate that words in a will expressive of desire, recommendation and confidence are not prima facie sufficient to convert a devise or bequest into a trust. But that case, as do many others, contains the qualification that such words may amount to a declaration of trust when it appears from other parts of the will that the testator did not intend to commit the ultimate disposal of the estate to the benevolence or discretion of the devisee or legatee. It is a well-settled principle moreover that where a testator makes a devise or bequest absolute in form but upon a private understanding with the devisee or legatee that he will apply the estate to objects named by the testator a trust arises which a court of equity will enforce and this whether the trust arises through the expressed promise of the devisee or legatee or his assent which may be implied from his silence. This was the doctrine announced in Shields v. McAuley, 37 Fed. Repr. 302, and approved in McAuley's Est., 184 Pa. 124. To the same effect is Schultz's App., 80 Pa. 396, where it was said that, "If an absolute estate is devised, but upon a secret trust assented to by the devisee either expressly or impliedly by knowledge and silence before the death of the testator, a court of equity will fasten a trust on him on the ground of fraud." The trust may be proved therefore from the promise of the devisee or legatee or it may arise from his silence when the property is committed to him with instructions as to its disposal. Such trust may be established by parol: Washington's Est., 220 Pa. 204. That it was not the intention of the testator to give an unconditioned estate to the appellant

is evident from even a casual examination of the will. The details of her plan lie back of the words of the will, but that she intended something more than the gift to Mrs. Anstadt cannot be doubted. The evidence taken by the auditor shows what this intention was: That two of her brothers and the children of another brother were to have shares amounting to $500 each out of her estate. The uncontradicted evidence is that the appellant was present when the will was executed; that she knew the purpose of the testatrix to give the legacies to her brothers and her brother's children and that she promised the testatrix to carry out her wishes in the settlement of the estate. This much was admitted by the appellant in her testimony. There is sufficient evidence to sustain the promise set up. The auditor found as a fact that the appellant had promised the testatrix to carry out her parol instructions and this finding was approved by the court. There is abundant authority, therefore, for the conclusion that the executrix was charged with the trust as to the amounts which the testatrix intended her brothers should receive. It is objected, however, that even if the facts supported the legacy to the brothers the bequests are defeated by their conduct in contesting the will. The appellant testified that the testatrix said at the time she gave instructions with reference to the distribution of the property that if these legatees should interfere with her and make trouble she, the executrix, should "close in on them." No instructions were given as to the disposal of their share in the event that they did "interfere and make trouble;" the will contains no provision on that subject and the meaning of the words "close in on them" is not sufficiently clear to justify the court in declaring that the testator intended to exclude them from a share of her estate if they interfered with the executrix. Such a provision as the appellants sets up whether it be regarded as a condition or a conditional limitation is to be construed with

great strictness as it goes to divest an estate already vested: 2 Williams on Executors, 1145. Where there is no bequest or devise over or a direction that the share so limited shall pass into the residue of the estate for distribution it will only be considered as a provision in terrorem: 1 Russ. Leg. 795; Chew's App., 45 Pa. 228. We agree with the conclusion of the learned auditor and the orphans' court that a trust existed in favor of the brothers of the testatrix and that there was not a forfeiture of these legacies.

Decree affirmed at cost of appellant.