## Krulik's Estate.

*Wills—Gifts to charity—Attesting witnesses—Unattested paper directing distribution.*

Where a will containing a gift to a legatee in trust to be used by him in charity "as per verbal instructions" has been duly executed at least one calendar month before the testator's decease, as required by the Act of April 26, 1855, P. L. 332 (now superseded by section 6 of the Wills Act of 1917), a written direction to the legatee describing the charitable uses to which the testator wished the fund to be applied, being merely explanatory of the parol trust created by the will, concerns only the question of distribution and need not be executed before two attesting witnesses, as required by the statute.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1921, No. 443.

*J. Joseph Stratton*, for exceptions; *D. H. Solis-Cohen*, contra.

GUMMEY, J., May 26, 1922.—The testator bequeathed the residue of his estate in language following:

"All the rest and residue of my estate I give, devise and bequeath to my friend Hans Weniger or in case of his death to his son Wm. F. Weniger in trust to be used as per verbal instructions given to them."

At the time the will was executed the testator explained that it was his desire that his estate should be used for the benefit of the widows and orphans of war sufferers in Austria, but that he hesitated to so state in his will, as in the event of Austria and the United States entering into a state of war (the will was executed Dec. 26, 1916), his estate might be confiscated; but upon it being suggested to him that Hans and William F. Weniger should have from him some written statement of his intention, the testator signed the following typewritten statement:

"I direct that the balance of my estate shall be used to the benefit of widows and orphans of Austria Hungarian war victims, and the money shall be remitted for that purpose in manner selected by the trustee as best adapted to suit the purpose.

"Philadelphia, 26 December, 1916.          JOSEPH KRULIK."

There were two subscribing witnesses to the will, but at the audit it was contended that they were not attesting witnesses as required by the Act of April 26, 1855, § 11, P. L. 332 (now superseded by section 6 of the Wills Act of 1917). The auditing judge, however, found as a fact that the execution of the will was properly attested, and an examination of the evidence shows that it supports this conclusion. For the rules relative to presumption in cases of this character reference may be made to Vernon v. Kirk, 30 Pa. 218, cited with approval in Kirk v. Carr, 54 Pa. 285, 290.

The typewritten direction above referred to was probated with the will, but was not attested by two witnesses, as required by the Act of 1855. What effect this omission might have upon the gift if the writing was to be considered as a codicil to the will is not before us, as the writing is in fact but explanatory of the purpose of the parol trust created by the will, and it is, therefore, a question of distribution. See Franken's Estate, 15 W. N. C. 455; Bromley's Estate, 26 Dist. R. 101; Fickes's Estate, 59 Pa. Superior Ct. 535; Galli's Estate, 250 Pa. 120.

Although we dismiss the exceptions, it is proper that the ultimate disposition of the trust fund should be made a matter of record, as we required should be done in Klein's Estate, 26 Dist. R. 476; accordingly, the trustee, Hans Weniger, is directed, upon making distribution, to file in this court a statement setting forth the manner in which he has administered the trust and the person or persons to whom payment was made; or, if he so desires, he may petition the auditing judge for a decree of distribution.

The exceptions are dismissed.