# Dillen *v.* Dillen, Appellant.

*Judgment—Opening judgment—Defense—Consideration—Confession of judgment—Parent and child.*

No court or judge has jurisdiction or authority to open a regular judgment without some evidence of a valid defense.

A judgment confessed by a father to a son without consideration is not void against the widow and heirs of the defendant in the judgment.

Unless there is evidence of an attempt to defraud the widow of her dower, a judgment confessed to defraud creditors is valid and binding on the party confessing it, and on all claiming through him.

Argued April 20, 1908. Appeal, No. 73, Jan. T., 1908, by plaintiff, from order of C. P. Clearfield Co., Feb. T., 1905, No. 87, making absolute rule to open judgment in case of Gettie Dillen, Admx. of David Dillen, v. David Dillen, Admr. of Jesse E. Dillen. Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ. Reversed.

Rule to open judgment.

The petition for the rule was filed by the widow and children of Jesse E. Dillen, the defendant in the judgment. They claimed that the judgment note was given by Jesse E. Dillen to his son, David L. Dillen, without consideration with intent to defraud his creditors, and with intent to defraud Jesse E. Dillen's wife.

A. L. Smith, P. J., filed an opinion which was in part as follows :

The testimony of disinterested witnesses, taken on behalf of the petitioners, is to the effect that David L. Dillen, at different times up until a very short time prior to his death, stated, or in effect admitted, that the judgment did not represent any value, and had been given originally to protect his father. No testimony was taken on behalf of the plaintiff in the judgment, but in her behalf the legal principle is invoked that the judgment was either originally a gift from father to son or given with intent to hinder, delay and defraud the creditors of Jesse E. Dillen, and that as he, Jesse E. Dillen, could not have made a defense in his lifetime against his own fraud, the widow and children should not be permitted so to do. David L. Dillen, in 1884, at the time this judgment was given, was a young man of twenty-four or twenty-five years of age, working at home on the farm for his father, and the testimony of disinterested witnesses is to the effect that he could not have had any such sum of money to loan his father or to anybody else. It seems to us, therefore, from a consideration of this testimony, that the petitioners have established an equity sufficient to appeal to the discretion of the court to open this judgment and give them their day in court. It is not apparent that these petitioners are guilty of any laches in proceeding to open the judgment, for the reason that David L. Dillen handled both sides of the case from the death of his father in 1898 until his own death in 1906, and that no knowledge of the existence of the judgment is necessarily brought home to any of the parties now petitioners. They learned of its existence when the widow and administratrix of David L. Dillen, after his death, proceeded by issuing on said judgment to sweep from them practically all of the real estate which they then supposed they owned. While it is true that if this judgment was given by Jesse E. Dillen to his son, David L. Dillen, with intent on his part to hinder, delay or defraud his creditors, he, Jesse E. Dillen, could not in his lifetime have had this judgment opened by alleging such fact, yet it is not clear to us that even if such were the fact as between Jesse E. Dillen and his son, a defense could not now be made as against the son by the

widow and children who were not parties to the fraud. It is not, however, necessary for us to pass upon this question now, because on the face of the papers and on the testimony produced the allegation is squarely made that the judgment, as originally given, was without consideration, and, therefore, void as to the petitioners, and we think that on this ground there can be no legal objection to opening the judgment and giving all the parties their day in court. If the judgment were originally given by Jesse E. Dillen to his son in order to defeat the inchoate right of dower in Sarah Dillen, she certainly ought to have the right to maintain her defense. Whatever the purpose for which the said judgment was originally given, we are of the opinion that justice cannot be worked out in this case except by opening the judgment so that all parties may have a hearing. We do not care to discuss the merits of the case any further, or to prejudge any matters which may be the subject of proof at the trial.

*Error assigned* was the order of the court.

*S. V. Wilson*, with him *Jeff Wingert*, for appellant.

*David L. Krebs*, with him *A. M. Liveright*, for appellees.

PER CURIAM, May 18, 1908:

The question in this case is not one of discretion but of jurisdiction. No court or judge has jurisdiction or authority to open a regular judgment without some evidence of a valid defense. In this case there is none whatever. A father gave a judgment note to a son. It was entered up and twice revived by scire facias in the father's lifetime without any objection by him. Presumably in the absence of evidence of a debt it was a gift, but there was some testimony of loose declarations that it was "to protect the father's estate," i. e., to defraud creditors. Under neither aspect was any consideration required. Counsel and even the court below seem to have entertained the extraordinary view that a judgment without consideration was void against the widow and heirs of the defendant in the judgment. There is no authority for any such notion. On the contrary, it has been long settled that unless

there is evidence of intent to defraud the widow of her dower, a judgment confessed to defraud creditors is valid and binding on the party confessing it and on all claiming through him : Candor & Henderson's Appeal, 27 Pa. 119 ; Hummel's Est., 161 Pa. 215 ; Cosgrove v. Cummings, 195 Pa. 497.

In no aspect of the case was there any authority to open the judgment.

Order reversed and rule directed to be discharged.