## Croushore's Estate.

*Decedents' estates—Proof of claim—Judgment notes—Acknowledgment of debt—Evidence—Sufficiency—Burden of proof.*

Two judgment notes, presented as claims against the estate of decedent by his son, who testified that payment thereof had never been made, should have been allowed as proper debts of the decedent in the absence of proof of payment. Testimony that decedent, a few days before his death, acknowledged the indebtedness and said the notes should be paid, was sufficient to place on the accountant the burden of overcoming the presumption of liability. Circumstances of remote or indefinite relation to the indebtedness are not sufficient to establish a legal discharge thereof. It was error to disallow the claim without definite evidence of payment, and without findings of fact or statement of reasons by the judge of the orphans' court.

Argued April 20, 1921. Appeal, No. 82, April T., 1921, by W. B. Croushore, from decree of O. C. Westmoreland County, August T., 1919, No. 150, dismissing exceptions to schedule of distribution in the estate of George W. Croushore, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Claim against the estate of decedent based on two judgment notes given by decedent.

Exceptions to adjudication. Before COPELAND, J., specially presiding.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions and confirmed absolutely the schedule of distribution. Exceptant appealed.

*Error assigned* was the decree of the court.

*John E. Kunkle,* and with him *Adam M. Wyant,* for appellant.—When the claimant proved the notes, he

340, (1921).] Arguments—Opinion of the Court.

made out a complete case and the accountant having brought no proof of payment the claim should have been allowed: Warmcastle v. Castner, 34 Pa. Superior Ct. 464; Commey v. Macfarland, 97 Pa. 361; Royer's Est., 217 Pa. 626; Brown's Est. (No. 2), 210 Pa. 499.

*Albert H. Bell,* and with him *Geo. E. Barron* and *J. Clarke Bell,* for appellees.—Stale claims against dead men's estates should always be scrutinized, especially when they might have been presented in the decedent's lifetime: Peter's App., 106 Pa. 341.

The findings of the orphans' court must be accepted, unless error is clearly established: Lewis's App., 127 Pa. 133; Fagues's Est., 19 Pa. Superior Ct. 640; Kern's Est., 18 Pa. Superior Ct. 508; Henderson's Est., 18 Pa. Superior Ct. 100; Rigby's Est., 18 Pa. Superior Ct. 8.

OPINION BY HENDERSON, J., July 14, 1921:

The assignments of error challenge the correctness of the decree of the court disallowing the claim of the appellant against the estate of the decedent. This claim consisted of two judgment promissory notes—the first dated March 13, 1899, for $675 payable one year after date; the second, August 22, 1903, for $600 payable one day after date. The notes were under seal and the signature of the decedent is not disputed. The validity of the obligations was not impeached, nor was it alleged that they were without consideration. On the contrary, it was shown by a brother of the appellant that he was present when a conversation took place between his father, the maker of the notes, and the appellant about six months before the testator's death. W. B. Croushore asked his father what he was going to do about the two notes of $1,275; to which George W. Croushore replied that he owed the notes and that he would pay them— that they ought to have been fixed up long ago. He said he had to pay his taxes and had some interest to pay on some money. His words as stated by the witness were:

"I owe the money and will pay it." Another conversation took place between the parties to the notes four or five days before the death of the maker as related by the same witness. At that time the appellant said to his father: "What are you going to do about them two notes of $1,275?" To which his father replied that he owed that and would pay it. The notes were exhibited by the claimant, and the witness saw his father's signature affixed thereto. The claimant was called as for cross-examination. He testified that the notes were given for money that he loaned his father—part of which was used for a brother's schooling. He testified that not a cent of the money had ever been paid to him. There was no contradiction of either of these witnesses. The allowance of the claim was resisted on four grounds: (1) That the claims were settled; (2) That the testator had charged the claimant in his will with an advancement amounting to $1,792; (3) That sometime before the testator's death he sent his son Herbert to the appellant in Pittsburgh to get some money; (4) That in a book account of the testator there was a charge against the claimant of $36, paid A. Leonard, February 23, 1916; and $609 paid March 2, 1916. It is contended that these circumstances are sufficient to justify the conclusion that the notes were paid by the decedent in his lifetime. It is in evidence that George W. Croushore frequently borrowed money from the claimant, and the latter testified that he paid to his father the money to discharge the notes on which they were jointly liable, but that his father needed money and used it for other purposes. The charge of the advancement is not alleged to have any reference to the notes in suit, but seems to have been accounted for on the assumption that the testator paid two notes on which he was surety for the claimant—one of which was the Leonard obligation entered in the book account. Evidence relating to the sending of Herbert Croushore to Pittsburgh to get some money from the claimant throws no light on the question at issue. It

may as well tend to show an intention to borrow as to secure a payment. No reference was made to any debt to be discharged and the evidence excites nothing more than a surmise as to its relation to the appellant's notes. The testimony of Herbert Croushore is uncontradicted and the accountant by calling W. B. Croushore made him a competent witness. His testimony corroborated that of Herbert Croushore who appears to have been testifying against his interest and the evidence of these witnesses strongly supports the claim presented. The burden is on the accountant to overcome the presumption arising from the prima facie liability shown by the notes themselves and the evidence of the witnesses who testified to the declarations of the maker that they are existing obligations. We are convinced that none of the evidence offered tends to show that the notes were paid. It may be that the charge of an advancement against the appellant is accounted for by the payment of the two notes on which the father was security, but which the appellant testified he had furnished the money to pay. Neither that transaction nor the advancement furnishes a sufficient basis for the conclusion that the claimant's notes were paid. The inference of payment arising from the lapse of time is slight and unsupported by such evidence of payment as should overcome the claimant's proofs. The trial judge made no findings of fact and states no other ground for his conclusion than that the notes are not valid claims against the estate. Why they are not valid is not stated. They were certainly at one time obligations of the maker under the evidence in the case and we are all of the opinion that the accountant has failed to show that they had been lawfully discharged.

The second, third, fourth and fifth assignments are sustained. The decree is reversed and the record remitted to the court below to award distribution in accordance with this opinion.